GERARD J. WASSON, ESQ.
Attorney at Law
California Bar No. 166636
Law Offices of Gerard Wasson
406 Ninth Avenue, Suite 311
San Diego, California  92101
Telephone: (619)232-1081
Facsimile: (619)232-2326

gerard.wasson@sbcglobal.net

Attorney for Mr. Vasquez-Diaz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JEFFREY T. MILLER)

| UNITED STATES OF AMERICA, | ) | Case No. 08CR1011-JM |
|---|---|---|
| Plaintiff, | ) ) ) | DATE: May 23, 2008
TIME: 11:00 a.m. |
| v. | ) ) | STATEMENT OF FACTS |
| ANAEL VASQUEZ-DIAZ, | ) ) | AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT |
| Defendant. | ) ) | OF DEFENDANT'S MOTIONS |

I.

STATEMENT OF FACTS

Anael Vasquez-Diaz has been charged in a single count Indictment of attempted entry after deportation in violation of 8 U.S.C. § 1326.  It is alleged that Mr. Vasquez-Diaz was ordered deported on or about August 24, 1998, and was physically removed from United States to Honduras on September 22, 1998.  Also, Mr. Vasquez-Diaz was last removed on or about December 20, 2007.  Thereafter, on January 1, 2008, Mr. Vasquez was apprehended at the San Ysidro Port of Entry after allegedly attempting to elude inspection by walking through the pedestrian booth without being inspected.

**II.**

MOTION TO COMPEL FURTHER DISCOVERY

Vasquez has received 167 pages of discovery.

Vasquez makes the following further requests for specific discovery in this case:

- ! the tapes and/or transcripts of the master calendar immigration proceedings held on March 6, 1997, (reference pp. 87 and 150 of previously produced discovery), August 24, 1998, (reference pp. 9, 77, and 140 of previously produced discovery), and March 18, 1999 (reference p. 79 pf previously produced discovery);
- ! Records of Master Calendar Pre-trial Appearance and Orders, for the above matter;
- ! Any and All pleadings filed on behalf of Mr. Vasquez-Diaz in his deportation proceeding;
- ! All applications made by Mr. Vasquez-Diaz for asylum, or legal status, and all documents identifying the resolution of any such applications;

In addition, Mr. Vasquez moves for the production of the following discovery. This request includes discovery of which the government attorney knows, and discovery of which the government attorney may become aware through the exercise of due diligence. See Fed. R. Crim. P. 16.

(1) <u>The Defendant's Statements.</u> The defendant requests disclosure of <u>all</u> copies of any written or recorded statement made by him, any written record containing the substance of any oral statements made by him and any written summaries of his oral statements contained in the handwritten notes of the government agent, any response to any

<u>Miranda</u> warnings which may have been given to him, any response by him to interrogation, as well as any other statements by him. Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes.</u> The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

(3) <u>The Defendant's Prior Record.</u> The defendant requests disclosure of his prior record, if one exists. Fed. R. Crim. P. 16(a)(1)(B).

(4) <u>Evidence Seized.</u> The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Tangible Objects.</u> The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case or were obtained from or belong to him. Fed. R. Crim. P. 16(a)(1)(C).

1        (6)   Request for Preservation of Evidence.  The defendant
2   specifically requested the preservation of all dispatch tapes or any
3   other physical evidence that may be destroyed, lost, or otherwise put out
4   of the possession, custody, or care of the government and which relate to
5   the arrest or the events leading to the arrest in this case.  This
6   request includes, but is not limited to, the results of any fingerprint
7   analysis, the defendant's personal effects, and any other evidence seized
8   from the defendant or any third party.

9        (7)   Reports Of Examinations And Tests.  The defendant requests
10  the opportunity to inspect and copy any reports of physical and mental
11  examinations and any scientific tests which are material to the
12  preparation of the defense or intended for use in the government's case.
13  Fed. R. Crim. P. 16(a)(1)(D).

14        (8)   Expert Witnesses.  The defendant requests the name,
15  qualifications, and a written summary of the testimony of any person that
16  the government intends to call as an expert witness during its case.
17  Fed. R. Crim. P. 16(a)(1)(E).  Vasquez requests that the Court order
18  disclosure of this discovery at least three weeks prior to trial in order
19  to investigate it, to prepare in limine motions in a timely manner, and
20  to prepare adequately for trial.

21        (9)   Brady Material.  The defendant requests all documents,
22  statements, agents' reports, and tangible evidence favorable to the
23  defendant on the issue of guilt, which affects the credibility of the
24  government's case, or which may result in a lower sentence under the
25  United States Sentencing Guidelines.  Under Brady, impeachment as well as
26  exculpatory evidence falls within the definition of evidence favorable to
27  the accused.  United States v. Bagley, 473 U.S. 667 (1985); United States
28  v. Agurs, 427 U.S. 97 (1976).

1    (10)   <u>Giglio Information.</u>  The defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

    (11)   <u>Henthorn Material.</u>  The defendant requests that the government examine the personnel files of all government agents who may testify in this action for <u>Brady</u> material.  <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996).

    (12)   <u>Informants and Cooperating Witnesses.</u>  The defendant requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a witness in this case or otherwise participated in the crime charged against Vasquez.  <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The government must disclose any information indicating bias on the part of any informant or cooperating witness.  <u>Id.</u>

    (13)   <u>Jencks Act Material.</u>  The defendant requests production at least three weeks in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  Disclosure of this discovery at least three weeks prior to trial will also enable Vasquez to prepare <u>in limine</u> motions in a timely manner, and to prepare adequately for trial.

1        (14) <u>Any Proposed 404(b) Evidence.</u> The defendant requests
2 prior notice of any other acts that the government intends to introduce
3 in its case-in-chief, through impeachment, or in its rebuttal case. Fed.
4 R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b); <u>United States</u>
5 <u>v. Vega</u>, 188 F.3d 1150 (9th Cir. 1999). Vasquez requests that the Court
6 order disclosure of this discovery at least three weeks prior to trial in
7 order to investigate it, to prepare <u>in limine</u> motions in a timely manner,
8 and to prepare adequately for trial.

9                                   III.

10           <u>REQUEST FOR LEAVE TO FILE FURTHER MOTIONS</u>

11      As new information surfaces due to the government providing
12 discovery in response to these motions or an order of this Court, the
13 defense may need to file further motions. Therefore, defense counsel
14 requests the opportunity to file further motions.

15                                   IV.

16                            <u>CONCLUSION</u>

17      For the reasons stated above, Mr. Vasquez-Diaz respectfully
18 requests that the Court grant the foregoing motions.

19                            Respectfully submitted,

20

21                            <u>/S/ Gerard J. Wasson</u>
22 DATE: May 20, 2008           GERARD J. WASSON
                                    Attorney for Vasquez-Diaz
23

24

25

26

27

28